UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| EDWARD DEAN FORTUNE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 17-cv-1229 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER & OPINION

This matter is before the Court on a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Edward Dean Fortune. (Doc. 1). The motion has been fully briefed. For the reasons stated below, the motion is DENIED as time-barred.

### BACKGROUND

On October 21, 2009, Edward Dean Fortune was charged with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C). (Doc. 2-1). On December 3, 2010, Fortune pleaded guilty to Count 1 of the Indictment. *United States v. Fortune*, 09-cr-40082 (C.D. Ill. 2011). On June 6, 2011, Fortune was sentenced to 300 months in prison. *Id.*

On May 29, 2014, Fortune's sentence was reduced to 240 months pursuant to a Rule 35(b) motion filed by the Government. *Id.* (Doc. 27). On February 25, 2015, Fortune filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3852(c)(2). *Id.* (Doc. 29). On May 15, 2015, the Court denied Fortune's motion, finding that his

sentence was based on a binding Rule 11(c)(1)(C) plea agreement, not the U.S. Sentencing Guidelines. *Id.* (Doc. 31).

On May 23, 2017, Fortune filed the instant § 2255 motion. He argues that under *Mathis v. United States*, 135 S.Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), the Court erred in determining that Fortune was a career offender within the meaning of U.S.S.G. § 4B1.1(a) and enhancing Fortune's sentence based off that status. (Doc. 1). The Government has filed its response (Doc. 3) and Petitioner filed a reply. (Doc. 5). Thus, this matter is ripe for decision.

## LEGAL STANDARDS

Section 2255 of Title 28 of the United States Code provides that a sentence may be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "Relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, § 2255 relief is limited to correcting errors of constitutional or jurisdictional magnitude or errors constituting fundamental defects that result in complete miscarriages of justice. *E.g.*, *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994), *overruled on other grounds by United States v. Ceballos*, 26 F.3d 717 (7th Cir. 1994). "A § 2255 motion is not a substitute for a direct appeal." *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (citing *Doe v. United States*, 51 F.3d 693, 698

(7th Cir. 1995)).

A petitioner may not generally pursue a claim on collateral review that he failed to raise on direct appeal unless he demonstrates cause and prejudice or that he is actually innocent. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

## DISCUSSION

**I. Fortune's Motion is Untimely**

Fortune pleaded guilty to Count 1 of the indictment and was sentenced to 300 months in prison. Fortune argues that under *Mathis v. United States*, 135 S.Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), this Court erred in determining that Fortune was a career offender within the meaning of U.S.S.G. § 4B1.1(a) and enhancing Fortune's sentence. (Doc. 1). The Court finds that Fortune's motion is untimely and therefore must be dismissed.

Generally, a § 2255 motion must be filed within one year of the date the judgment against the petitioner became final. 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court . . . denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). However, § 2255(f)(3) provides that a § 2255 motion may be timely if it is brought within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

The Court entered Judgment in this case on June 8, 2011 and Fortune did not

3

appeal. Fortune's ability to file a timely § 2255 motion therefore expired in 2012.[1]

Fortune incorrectly argues that the Supreme Court's decision in *Mathis* gave him a fresh year to file a § 2255 motion under § 2255(f)(3). But "*Mathis* has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law." *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). Thus, *Mathis* does not trigger a new one-year period under § 2255(f)(3). *Brooks v. United States*, No. 17-2168, 2017 WL 3315266, *3-*4 (C.D. Ill. Aug. 3, 2017) (noting that several cases have held that *Mathis* does not trigger a new one-year period under § 2255(f)(3)); *Gulley v. United States*, No. 17-2122, 2017 WL 2450178, *4 (C.D. Ill. June 6, 2017) (same). Fortune's motion is nearly five years too late.

## II. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) even though Petitioner has not requested one.

According to 28 U.S.C. § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate

---

[1] An Amended Judgment was entered on May 29, 2014 reducing Fortune's sentence under Rule 35(b). However, this did not reset the clock for purposes of applying the statute of limitations imposed by 28 U.S.C. § 2255(f). *See Rutledge v. United States*, No. 14-1150, 2014 WL 1674224, *2 (C.D. Ill. Apr. 28, 2014) (collecting cases). In any event, even if the Amended Judgment did restart the clock, the instant motion would still be untimely.

4

of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Consistent with the discussion above, the Court finds that no reasonable jurists would differ with the Court's treatment of Petitioner's § 2255 motion. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## Conclusion

For the reasons stated above, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) is DENIED as time-barred.

Entered this 18th day of October, 2017.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge