UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| EDWARD DEAN FORTUNE, | ) |
| Petitioner, | ) |
| v. | ) Case No.  17-cv-1229 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER & OPINION

This matter is before the Court on a Motion for Leave to Appeal in Forma Pauperis filed by Petitioner Edward Dean Fortune. (Doc. 9). For the reasons stated below, the motion is DENIED.

### BACKGROUND

On May 23, 2017, Petitioner Edward Dean Fortune filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Fortune challenged an enhanced sentence imposed on him in 2011. *Id.* He argued that under *Mathis v. United States*, 135 S.Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), the Court erred in determining that Fortune was a career offender within the meaning of U.S.S.G. § 4B1.1(a) and enhancing Fortune's sentence based off that status. *Id.*

On October 18, 2017, this Court denied Fortune's § 2255 petition as time-barred. (Doc. 6). As noted in the Court's Order and Opinion, Fortune's ability to file a timely § 2255 motion expired in 2012. *Id.* at 3-4. Fortune incorrectly argued that the Supreme Court's decision in *Mathis* gave him a fresh year to file a § 2255 motion

under § 2255(f)(3). *See* 28 U.S.C. § 2255(f)(3) (a § 2255 motion may be timely if it is brought within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review). The Seventh Circuit has explicitly held that "*Mathis* has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law." *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). Thus, *Mathis* does not trigger a new one-year period under § 2255(f)(3). *Brooks v. United* States, No. 17-2168, 2017 WL 3315266, *3-*4 (C.D. Ill. Aug. 3, 2017) (noting that several cases have held that *Mathis* does not trigger a new one-year period under § 2255(f)(3)); *Gulley v. United States*, No. 17-2122, 2017 WL 2450178, *4 (C.D. Ill. June 6, 2017) (same). "An independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241." *Dawkins v. United* States, 829 F.3d 549, 551 (7th Cir. 2016). Moreover, *Hinkle* is, of course, a Fifth Circuit Court of Appeals case, which is both non-binding in this circuit and has no retroactive effect for purposes of § 2255(f)(3). Fortune's § 2255 motion was nearly five years too late.

Because no reasonable jurists could differ with this Court's treatment of Fortune's § 2255 petition, the Court declined to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). *Id.* at 4-5. Nonetheless, on November 13, 2017, Fortune filed a Notice of Appeal[1] (Doc. 8) and the instant Motion for Leave to Appeal in Forma Pauperis. (Doc. 9).

---

[1] Because this Court has already declined to issue a certificate of appealability, Fortune must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

## DISCUSSION

In order to grant a motion for leave to appeal in forma pauperis, the Court must find both that the Petitioner does not have the means to pay the filing fee for his appeal and that his appeal is taken in good faith. 28 U.S.C. § 1915(a)(3) explicitly provides that an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 632 (7th Cir. 2000).

Although the Court finds that Fortune would be unable to afford the filing fee, the Court denies Petitioner's Motion for Leave to Appeal in Forma Pauperis because his appeal is not taken in good faith. Because Fortune's § 2255 petition is clearly time-barred under Seventh Circuit case law, no reasonable person could suppose that Fortune's appeal has some merit.

## CONCLUSION

For the reasons stated above, Petitioner's Motion for Leave to Appeal in Forma Pauperis (Doc. 9) is DENIED. Petitioner shall tender the appellate filing and docketing fee of $505 to the Clerk of Court in this district, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed in forma pauperis on appeal.

Entered this 15th day of November, 2017.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge